IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA RECONVEYANCE COMPANY,

     Plaintiff,

vs.

UNITED STATES OF AMERICA, *et al.*,

     Defendants.

                          /

No. CIV S-07-0774 WBS EFB

FINDINGS AND RECOMMENDATIONS

On September 12, 2007, plaintiff California Reconveyance Company's motion for default judgment came on for hearing before the undersigned. Jana Logan appeared as plaintiff's counsel. No other parties appeared. Having reviewed the submitted documents, and as set forth below, the court recommends that plaintiff's motion for default judgment against defendants Donald Park , Raymond P. Lohmeier, and KI Investments, LLC, be granted.

I. BACKGROUND

Plaintiff is the successor trustee under a deed of trust executed by David E. Rinker and Judith Ann Rinker (referred to collectively as the "Rinkers"), to secure a promissory note in the original sum of $264,000.00. Compl., at ¶¶ 15-16. The Rinkers executed a deed of trust originally in favor of Long Beach Mortgage Company dba Financing USA, as beneficiary, dated December 22, 1988, and securing the $264,000.00 promissory note. Compl., at ¶ 15. Plaintiff is

1

the successor trustee to First American Title company, the trustee named under the deed of trust. Compl., at ¶ 16. Pursuant to its power of sale under the deed of trust, plaintiff conducted a non-judicial foreclosure sale of property formerly owned by the Rinkers, on or around April 11, 2005. Compl., at ¶ 17. The property was sold to the highest bidder and resulted in surplus funds, which after payment of the foreclosing beneficiary's debt and fees and costs, amounted to $111,980.83. Compl., at ¶ 18.

Plaintiff filed a complaint in interpleader on April, 23, 2007, naming defendants with adverse and conflicting claims to the surplus funds. Those defendants are as follows: the United States, acting through the Internal Revenue Service; the State of California Franchise Tax Board; Donald Park; Raymond P. Lohmeier; Capital Associates, Inc.; Lake California Property Owners Association, Inc.; Northern California Collection Service, Inc.; and, KI Investments, LLC.

Defendants Northern California Collection Service, Inc., Capital Associates, Inc., and Lake California Property Owners Association, Inc. have disclaimed any interest to the interplead funds. Defendants Donald Park, Raymond P. Lohmeier, and KI Investments, Inc. (referred to collectively as the "defaulting defendants"), have failed to file an answer or otherwise respond to the complaint. The record shows that plaintiff served the defaulting defendants with the complaint and summons on May 2, 2007. *See* Docket nos. 17, 18, 20.

On June 6, 2007, plaintiff moved for entry of default against the defaulting defendants, and the Clerk entered default against them on June 7, 2007. The remaining defendants, the United States and the State of California Franchise Tax Board, have filed no objections to the entry of default judgment, and continue to pursue their respective claims to the interplead funds.

II. DISCUSSION

    A. Standard

Pursuant to Federal Rule of Civil Procedure 55(a), the court clerk is required to enter default when the fact of default is established by affidavit or otherwise. Fed. R. Civ. P. 55(a). In

this case, default was established by plaintiff and entered on June 7, 2007.  Now before the court is plaintiffs' application for entry of default judgment against defendants pursuant to Fed. R. Civ. P. 55(b)(2).  It is within the sound discretion of the district court to grant or deny a default judgment.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

B. Analysis

The first *Eitel* factor weighs in plaintiff's favor. Plaintiff would be prejudiced if default judgment were not granted, because it would be denied the certainty that an interpleader is intended to provide.  *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th Cir. 2000) ("Interpleader's primary purpose is not to compensate, but rather to protect stakeholders from multiple liability as well as from the expense of multiple litigation.").  Without entry of default judgment against the defaulting defendants, plaintiff cannot be satisfied that the competing stakeholders' claims are finally resolved.

The second and third factors also weigh in plaintiff's favor as well.  As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to the damages.  *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted).  Here, the facts as plead by plaintiff reveal that the defaulting defendants have potential claims to the surplus funds.  Compl., at ¶¶ 7, 8, 12.  However, those defendants have failed to pursue their claims by failing to answer the complaint or otherwise appear in this action.

////

The fourth *Eitel* factor, the sum of money at stake, does not clearly weigh in either party's favor. Plaintiff wishes to resolve the conflicting claims to the interplead funds and assure itself that the funds are released to the proper party. While the defaulting defendants have potential claims to those funds, they have failed to pursue such claims. With regard to the fifth factor, no genuine issue of material fact exists because the allegations in the complaint are taken as true, *TeleVideo Systems*, 826 F.2d at 917-18, and the defaulting defendants have submitted nothing to contradict them or otherwise support their potential claims to the interplead funds.

The sixth factor also weighs in plaintiff's favor since the defaulting defendants have failed to make any appearance in this case even though they were served with the complaint and summons. Defendants' failure to respond to the complaint or otherwise appear cannot be deemed "excusable neglect."

Finally, only the seventh *Eitel* factor weighs against granting the motion for default judgment. The strong policy underlying the Federal Rules of Civil Procedure favors decisions on the merits. *Eitel*, 782 F.2d at 1472. Nonetheless, where a defendant fails to answer the complaint, a decision on the merits is "impractical, if not impossible." *Elektra Ent. Group, Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) (citations omitted). Given the defaulting defendants' failure to appear or otherwise pursue their claims to the interplead funds, this factor does not preclude an entry of default judgment against them. *Id.* at 393. Thus, on balance, the factors weigh in favor of granting plaintiff's motion for entry of default judgment.

III. CONCLUSION

In light of the foregoing findings this court hereby RECOMMENDS that:

1. Plaintiff's application for entry of default judgment be granted against KI Investments, LLC, Donald Park, an individual, and Raymond P. Lohmeier, an individual;

2. The judgment specify that Defendants KI Investments, LLC, Donald Park, an individual, and Raymond P. Lohmeier, an individual, shall have no claim to the surplus funds and shall take nothing from the surplus funds; and,

3. Plaintiff California Reconveyance Company be discharged of all liability with respect to the surplus funds as to the defaulting defendants KI Investments, LLC, Donald Park, an individual, and Raymond P. Lohmeier.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: September 24, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE